OPINION
{¶ 1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-appellant, Patricia R. Roberts, appeals from a judgment of sentence by the Logan County Court of Common Pleas. The appellant was sentenced to a total of 15 months imprisonment for convictions on two counts of theft and two counts of forgery, each of the offenses are felonies of the fifth degree.
 {¶ 3} The pertinent facts and procedural history are as follows. In July 2002, the appellant stole a personal checkbook belonging to the account of Lonnie McAdoo, Jr. A short time later, the appellant forged McAdoo's signature on several of those checks and presented them to various places of business for amounts greater than the cost of the items purchased. Between September 3 and 7, 2002, the appellant also stole the personal checkbook of Margaret O'Connor. The appellant forged O'Connor's signature on some of those checks and presented them to various businesses.
 {¶ 4} On October 18, 2002, a bill of information was filed against the appellant for two counts of theft, fifth degree felonies in violation of R.C. 2913.02(A)(1), and two counts of forgery, fifth degree felonies in violation of R.C. 2913.31(A)(1). The appellant pled guilty to both counts. Following a sentencing hearing, the trial court, on November 26, 2002, sentenced the appellant to concurrent nine month terms for each of the theft counts. The appellant was also sentenced to two concurrent six month terms for each of the forgery counts. The trial court ordered that the sentences for theft and forgery be served consecutively. In total, the appellant was sentenced to fifteen months in prison.
 {¶ 5} The appellant now appeals asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I
The sentencing court erred by deciding to imprison the defendant for the four fifth degree felonies that she committed.
 ASSIGNMENT OF ERROR NO. II
The sentencing court erred in this case of first time imprisonment by not sentencing the defendant to the minimum prison sentence.
 ASSIGNMENT OF ERROR NO. III
The sentencing court erred by sentencing the appellant to serve consecutive sentences.
 {¶ 6} We will address the appellant's assignments of error together.
 {¶ 7} According to R.C. 2929.11(A), a court that sentences a felony offender must be guided by the overriding purposes of felony sentencing, which are protecting the public from future crime and punishing the offender. Additionally, the court's sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders."[1]
 {¶ 8} This Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.14, and 2929.19, which in effect determine a particular sentence and a sentence unsupported by these findings is both incomplete and invalid."[2] A trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing, and, when required, must set forth its reasons for imposing a particular sentence.[3]
 {¶ 9} Through her first assignment of error, the appellant challenges the imposition of imprisonment, asserting that community control sanctions should have been imposed instead. Sentencing of those convicted of fourth and/or fifth degree nondrug felonies is governed by R.C. 2929.13(B). Pursuant to R.C. 2929.13(B)(2)(a), the court is required to impose a prison term upon the offender if the trial court: (1) finds the existence of any one of nine factors set forth in R.C.2929.13(B)(1)[4] relating to the nature of the offense and the offender's conduct in connection with, and her status at the time of, the offense; and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12,[5] that a prison term is consistent with the purposes and principles of sentencing set forth in R.C.2929.11;[6] and (3) finds that the offender is not amenable to available community control sanctions.
 {¶ 10} Pursuant to R.C. 2929.13(B)(2)(b), community control is mandatory if the trial court does not find the existence of any one of the factors set forth in R.C. 2929.13(B)(1); and finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that community control is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11. When neither prison nor community control is specifically mandated, the trial court should comply with the purposes and principles of sentencing under R.C. 2929.11 and should consider the seriousness and recidivism factors set forth in R.C. 2929.12
to determine whether to impose a term of imprisonment or community control sanctions.
 {¶ 11} In the present case, the trial court found none of the factors in R.C. 2929.13(B)(1) to be present. Our own review of the record results in the same conclusion. Having found none of the factors set forth in R.C. 2929.13(B)(1), the trial court was required to impose community control sanctions instead of a prison term if, considering the seriousness and recidivism factors set forth in R.C. 2929.12, the court found community control sanctions to be consistent with the overriding purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 12} Here, the trial court expressly found "that there are reasons in this case[,] having considered the purposes and principles of sentencing[,] to impose some form of a sentence to the state prison system." With respect to the seriousness and recidivism factors under R.C. 2929.12, the trial court reasoned that sentencing Roberts to community control would lessen or demean the seriousness of her actions and that imprisonment was necessary based upon Roberts' likelihood to reoffend. The trial court stated:
What you did was extremely serious in this case. The impact on the victims is unknown, but there's a concern that I have that having done this twice you may do it again. I think to merely put you on community control would lessen or demean the seriousness of what you did. Therefore, I think it's mandatory almost that I impose a sentence to the state prison system that recognizes the seriousness of what you did.
Although the trial court never explained what led it to determine that the appellant's conduct was "extremely serious," the court stated, with respect to recidivism, that, having committed the offense twice, the appellant was likely to repeat the illicit conduct in the future.
 {¶ 13} It is true that the trial court's findings do not directly correspond with, or satisfy, any of the enumerated R.C. 2929.12(B) factors. However, the enumerated factors therein need not necessarily be satisfied. Unlike R.C. 2929.12(B)(1), R.C. 2929.12 requires that a trial court consider the factors set forth therein and "any other relevant factors."[7] Accordingly, in determining whether an offender is likely to reoffend for the same offense in the future, a trial court may consider anything relevant to that issue, including factors beyond those enumerated in the statute.
 {¶ 14} In the instant case, the facts indicate that the appellant has a significant problem involving the use of drugs and that the multiple offenses for which she was sentenced were drug related. We find these facts relevant to the issue of the appellant's likelihood to reoffend. Accordingly, the trial court did not err considering such factors.
 {¶ 15} In sum, we find that the trial court's finding with respect to recidivism is fully supported by the record, notwithstanding the fact that none of the specifically enumerated R.C. 2929.12(B) recidivism factors is satisfied herein. However, we also find that the trial court's finding as to the "extreme" seriousness of appellant's conduct, pursuant to R.C. 2929.12(B), is not supported by any evidence discussed in the sentencing hearing transcript or the sentencing judgment entry.[8] In spite of its finding with respect to the seriousness of the offense, the court's conclusion concerning recidivism dictates that community control would be inconsistent with the purposes and principles of felony sentencing.[9] Accordingly, the trial court was not required to impose community control sanctions under R.C. 2929.13(B)(2)(b).
 {¶ 16} Thus, neither prison nor community control were specifically mandated herein. Therefore, the trial court should have been guided by the purposes and principles of sentencing under R.C. 2929.11
and should have considered the seriousness and recidivism factors set forth in R.C. 2929.12 in making its determination of whether to impose imprisonment or community control sanctions upon the appellant. As discussed above, a proper consideration of these factors supports the imposition of a term of imprisonment. Thus, we find no error in the trial court's decision to impose a term of imprisonment.
 {¶ 17} The appellant's first assignment of error is overruled.
 {¶ 18} In her second and third assignments of error, the appellant contends that: (1) the trial court erred by not imposing the minimum sentence for the theft convictions when she had not previously been imprisoned; and (2) that the trial court erred in ordering that the terms for the theft and forgery convictions be served consecutively.
 {¶ 19} We elect to consider these assignments of error together because that was how these matters were addressed in the court below.
 {¶ 20} For those felony offenders like the appellant who previously have not served a prison term, there is a statutory presumption in favor of imposition of the shortest prison term authorized for the offense.[10] Pursuant to R.C. 2929.14(B), a court imposing a sentence on a felony offender who has not previously served a prison term "shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[11]
 {¶ 21} In State v. Edmonson[12], the Ohio Supreme Court stated:
R.C. 2929.14(B) does not require that the trial court give its reasons
for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons.
 {¶ 22} Here, the trial court sentenced Roberts to nine months for each of the two theft felonies, which is three months longer than the minimum. The trial court then specified that it was varying from the minimum sentence in order to protect the public. The court stated: "Theoretically, I could sentence you to four years on these cases. I have no intention of doing that. * * * I think that the record shows that, at least for the time being, at least until you can get yourself over the use of drugs, it's important that I do something to protect the public." Accordingly, we find that the trial court departed from the statutorily mandated minimum sentence based on one of the permitted reasons set forth in R.C. 2929.14(B).
 {¶ 23} We now turn to the matter of consecutive sentences. Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C. 2929.14(E) states, in pertinent part:
(1)If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a)The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
(b)The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 24} This Court has held that when consecutive sentences are imposed under R.C. 2929.14, the trial court must set forth its reasons for imposing consecutive sentences.[13] R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence was contrary to law.
 {¶ 25} The trial court found on the record at the sentencing hearing that consecutive sentences are necessary to protect the public from future crimes of the offender. However, the court did not find, as required by R.C. 2929.14(E)(4), that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and to the danger she poses to the public. Thus, the trial court has not satisfied the mandate of R.C. 2929.14(E)(4).
 {¶ 26} Based upon the foregoing, we overrule the appellant's first and second assignments of error and sustain the third assignment of error. Accordingly, the judgment of the Court of Common Pleas of Logan County is vacated and the cause remanded to that court for resentencing of the defendant.
Judgment affirmed in part, reversed in part and cause remanded.
BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2929.11(B).
[2] State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60; see, also, State v. Russell (Mar. 13, 2000), Auglaize App. No. 2-99-38.
[3] Bonanno, supra.
[4] R.C. 2929.13(B)(1) requires the trial court to determine whether the offender: (a) in committing the offense, caused physical harm to a person; or (b) in committing the offense, attempted or threatened physical harm to a person with a deadly weapon; or (c) in committing the offense, attempted or threatened physical harm to a person and had a prior conviction for an offense that caused physical harm to a person; or (d) held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or that the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others; or (e) committed the offense for hire or as part of an organized criminal activity; or (f) is guilty of a fourth or fifth degree felony violation of section 2907.03 to R.C. 2907.05, R.C. 2907.22, R.C. 2907.31 to R.C.2907.323, or R.C. 2907.34; or (g) at the time of the offense was serving or had previously served a prison term; or (h) committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance; or (i) committed the offense while in possession of a firearm.
[5] R.C. 2929.12(B) and (C) set forth factors "relating to the seriousness of the conduct" R.C. 2929.12(D) and (E) set forth factors "relating to the likelihood of the offender's recidivism."
[6] "The overriding purposes of felony sentencing are [1] to protect the public from future crime by the offender and others and [2] to punish the offender." R.C. 2929.11(A).
[7] R.C. 2929.12(A).
[8] However, we note that the presentence investigation does lend credence to the trial court's conclusion that the appellant's conduct was "extremely serious."
[9] See R.C. 2929.11(A), supra.
[10] R.C. 2929.14(B). See, also, State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09.
[11] R.C. 2929.14(B).
[12] 86 Ohio St.3d 324, 326, 1999-Ohio-110.
[13] State v. Graphenreed, Auglaize App. No. 2-01-17, 2001-Ohio-2238; R.C. 2929.12(B)(2)(c).